# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**SANDRACHRISTINE LEPTICH,**

    Plaintiff,

vs.                                  Case No.:

**MERRITT HOSPITALITY, LLC
d/b/a HEI HOTELS & RESORTS,**
a Foreign Limited Liability
Company,

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SANDRACHRISTINE LEPTICH ("Leptich" or "Plaintiff"), brings this action against Defendant, MERRITT HOSPITALITY, LLC d/b/a HEI HOTELS & RESORTS ("HEI") for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII").

## SUMMARY OF THE ACTION

This case involves the discriminatory acts performed by HEI based on race, religion, and retaliation for engagement in protected activity. Leptich performed her job at a high level at HEI prior to being fired. However, at various times during her employment, Leptich was subjected to discriminatory comments against African American individuals. After complaining, Leptich was terminated. Title VII protects individuals from this specific type of disparate treatment and retaliation. HEI violated Title VII. As a

result, the harms and losses suffered by Leptich entitle her to money damages and other available relief. For her Complaint, Plaintiff respectfully states:

## **PARTIES**

1. Plaintiff, Leptich, is a citizen and resident of Alachua County, Florida. She is a former employee of Defendant.

2. Defendant, HEI, is a business entity with its principle place of business in Norwalk, Connecticut.

3. Defendant, HEI, conducts business across multiple states, including central and northern Florida.

## **JURISDICTION AND VENUE**

4. Plaintiff brings this action for damages and all available relief under Title VII.

5. This Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States. The events giving rise to this action occurred within this District.

6. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## **FACTS**

7. Plaintiff started working for Defendant in approximately September 2017.

8. Plaintiff's position was Director of Sales and Marketing.

9. Plaintiff is African-American.

10. Plaintiff is of Egyptian ethnicity and ancestry.

11. Plaintiff physically worked at the Hilton University of Florida Conference Center Gainesville ("Hotel") in Gainesville, Florida that HEI was operating during the time period at-issue.

12. Plaintiff performed her job satisfactorily during her employment.

13. At various times during her employment with HEI, Plaintiff was subjected to discriminatory comments about African-American individuals.

14. For example, in December 2017, General Manager, Cathy Zucker stated that African American employees sounded like a "hippo" and a "gorilla."

15. In approximately December 2017, an African American job candidate, Eric Brice, was being interviewed for a position, and Ms. Zucker questioned whether Ms. Leptich and Merritt were going to hire "one of them" again.

16. Ms. Zucker's comment referred directly to Mr. Brice's race.

17. In January 2018, Catherine Salerno, VP Regional Sales/Marketing, openly considered race when assigning tasks to employees and when evaluating job candidates.

18. Specifically, Ms. Salerno stated that an African American employee, Georgette Lake, would be a "great fit" for the "SMERF" market of sales.

19. The "SMERF" market was knowingly of predominately African American clients.

20. Ms. Salerno also stated that she wanted to place Ms. Lake with African American clients because Ms. Lake could talk like "them" which, again, referred to African-American clientele.

21. In the same conversation, Ms. Salerno also stated that a white employee, Kari Wells, would be perfect for "corporate clients."

22. "Corporate clients" were knowingly of predominantly Caucasian clientele.

23. In the spring of 2018, Ms. Zucker told Plaintiff, "my black Lab bitch ebony is the meanest of all my dogs and I have to keep her separated from all my white and gold Labs."

24. Ms. Zucker's comment was made at a meeting and was directed at Plaintiff because of her race.

25. On January 16, 2019, Corporate Director of Finance/Transition, Marc Setless, shockingly, told Ms. Leptich that the Martin Luther King, Jr., holiday was a "Monkey Holiday."

26. Ms. Leptich was extremely offended by this awful and discriminatory comment.

27. Ms. Leptich complained to Merritt's human resources representative, Alana Rawls, (and copied Ms. Zucker) about Mr. Setless' discriminatory comment both verbally and *in writing* on January 22, 2019.

28. After no action was taken by Merritt's human resources about the discriminatory behavior of its directors, Ms. Leptich met with Ms. Rawls and complained to her in person about all of the discriminatory behavior discussed *supra*.

29. During the meeting, which took place on February 25, 2019, Ms. Rawls became upset at Ms. Leptich for bringing up Ms. Salerno's discriminatory comments "again."

30. Shockingly, Ms. Rawls also told Ms. Leptich, "what do you care, you're not even African American."

31. The *next* day, February 26, 2019 - Ms. Leptich was terminated.

32. Plaintiff was terminated by Ms. Zucker.

33. No valid reason existed to terminate Plaintiff.

34. No valid reason was given to Plaintiff regarding her termination.

35. Only days before Plaintiff's termination, HEI informed her that she would be retained by the new hotel operator.

36. Defendant's actions demonstrate a pattern and practice of discrimination based on race.

37. Defendant claimed it reprimanded Mr. Setless due to his racist comment but it actually transferred him due to a business need.

38. Shortly after Plaintiff's termination by HEI, its contract to operate the Hotel ended.

39. However, Plaintiff's co-workers at HEI maintained their employment with the new hotel operator, Benchmark Hospitality ("Benchmark").

40. Indeed, Benchmark did not simply terminate all of HEI's staff when the contract ended.

41. In fact, Benchmark honored all previous HEI employees' start dates, accrued time off, and all other benefits.

42. Due to her termination, Plaintiff was never given the opportunity to continue working with Benchmark like her coworkers.

43. Moreover, HEI had many other job opportunities that could have transferred Plaintiff to or placed her in, but it did not allow her to avail herself to those due to the illegal termination

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

44. Plaintiff realleges and adopts allegations contained in paragraphs 1-43, as if fully set forth in this Count.

45. Plaintiff is a member of a protected class because she is African American.

46. At all material times, Plaintiff was qualified to perform her job duties.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her race.

48. Defendant ridiculed Plaintiff and called her derogatory terms based on her race.

49. Specifically, Defendant told Plaintiff that her "black lab bitch" dog was her meanest and needed to be separated from "white" dogs.

50. The comment in Paragraph 48 was made specifically towards Plaintiff and in anger over a business dispute.

51. Other discriminatory comments about African-Americans were also made in Plaintiff's presence such as referring to African-Americans as "hippos," "gorillas," and "one of them."

52. Defendant did not subject the non-African American employees to similar treatment.

53. Plaintiff suffered an adverse employment action when she was terminated before the transition to Benchmark took place.

54. The discrimination to which Plaintiff was subjected was based on her race.

55. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

56. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

58. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

59. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

60. WHEREFORE, Plaintiff, SANDRACHRISTINE LEPTICH, demands judgment against the Company and requests this Court award damages including:

61. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the Title VII;

62. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

63. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

64. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

65. Provide any additional relief that this Court deems just.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**

66. Plaintiff realleges and adopts allegations contained in paragraphs 1-43, as if fully set forth in this Count.

67. Plaintiff engaged in statutorily protected activity when she complained to Defendant that the racial slurs and derogatory terms and phrases being used at HEI were discriminatory.

68. Plaintiff's most recent protected activity took place on January 22, 2019 and then again on February 25, 2019.

69. Plaintiff's complaints were lodged to both HEI's human resources department and to management.

70. Plaintiff's protected activity was conducted both in writing and verbally.

71. HEI did not respond kindly to Plaintiff's complaints about discrimination.

72. Specifically, HEI was mad that Plaintiff was complaining about discrimination "again."

73. HEI also questioned why Plaintiff cared about discrimination.

74. **The day after her final complaint about discrimination**, February 26, 2019 - Ms. Leptich was terminated.

75. Plaintiff suffered an adverse employment action when she was terminated.

76. A causal connection exists between the protected activity and the adverse actions against Plaintiff.

77. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of race discrimination.

78. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

79. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

82. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, SANDRACHRISTINE LEPTICH, demands judgment against the Company and requests this Court award damages including:

83. Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the "Title VII";

84. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

85. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

86. Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to "Title VII"; and

87. Provide any additional relief that this Court deems just.

Dated this 18th day of February, 2020.

                    Respectfully submitted,

                    **/s/ CARLOS LEACH**
                    Carlos Leach, Esq.
                    FBN: 0540021
                    Trial Counsel for Plaintiff
                    The Leach Firm, P.A.
                    631 S. Orlando Ave., Suite 300
                    Winter Park, FL 32789
                    Telephone: (407) 574-4999
                    Facsimile: (833) 423-5864
                    Email: CLeach@theleachfirm.com